The cause was argued, and Chancellor Rutledge delivered the decree of the Court.
It is ordered that it be referred to the master to state an<l settle the arrears of interest due to complainants wife, when she became entitled to her legacy, under the will of her grand father; calculating interest at the rate of 5 per cent, agreeable to his will, to that time. That be do allow If per cent, interest on the principal of the legacy from the time it became due; and 7 per cent, also on the arrears of the annual interest. That so much of the annual interest *171 of the legacy as shall be sufficient to make .up the sum of 400/. per' annum, agreed to be secured to the complainant’s wife by the deed of separation, shall be remitted to her in half yearly payments by defendant; and the remainder of the interest accruing annually on the legacy, shall be paid by defendant to complainant, Francis Píen- ^ r derson. If the funds m England, which secures to complainant’s wife the sum of 300/. per annum, shall at any time fail to produce that sum, it shall be made good out of the estate of complainant in this country. That the testator having expressly charged the estate devised by him to the defendant with payment of the legacies contained in his will, and it not being necessary at present to raise the principal of the legacy bequeathed to complainant’s wife, the court will not now direct it to be done; but if the defendant shall fail to comply with the foregoing^ order, as is therein directed, the complainants may apply by petition to the court, in which case, if it shall be expedient, the defendant will then be ordered to raise the said legacy forthwith. The costs to be paid by the defendant.